# UNITED STATES DISTRICT COURT

# FOR THE WESTERN DISTRICT OF LOUISIANA

# SHREVEPORT DIVISION

| | |
|---|---|
| **LEE E. WILLIAMS** | **CIVIL ACTION NO. 05-1549-P** |
| **VERSUS** | **JUDGE STAGG** |
| **MICHAEL MCDANIELS, ET AL.** | **MAGISTRATE JUDGE HAYES** |

## REPORT AND RECOMMENDATION

In accordance with the standing order of this Court, this matter was referred to the undersigned Magistrate Judge for review, report and recommendation.

## STATEMENT OF CLAIM

Before the Court is a civil rights complaint filed *in forma pauperis* by *pro se* plaintiff Lee E. Williams, pursuant to 42 U.S.C. § 1983. This complaint was received and filed in this Court on August 31, 2005. Plaintiff alleges his civil rights were violated during his arrest and state criminal trial proceedings. He names Michael McDaniels, the Caddo Parish Sheriff's Office, the DeSoto Parish Clerk of Court, the Greenwood Police Department, Mike Malone, the DeSoto Parish Detention Center, the Caddo Correctional Center, Kevin Dunn and Sean McCullough as defendants.

Plaintiff filed his civil rights complaint and his IFP application. The court then sent plaintiff a Memorandum Order granting his application to proceed in forma pauperis. However, that Memorandum Order was returned to this Court on September 22, 2005, by the United States Postal Service marked "RETURN TO SENDER-UNKNOWN." To date, Plaintiff has not informed this Court of his new address.

All parties have the responsibility of promptly reporting to the court and to all other parties any change in the mailing address. Failure to do so shall be considered cause for dismissal for failure to prosecute. See ULLR 41.3W.

Accordingly;

**IT IS RECOMMENDED** that this complaint be **DISMISSED WITHOUT PREJUDICE**, *sua sponte*, for failure to prosecute, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure as interpreted by the Court and under the Court's inherent power to control its own docket. *See Link v. Wabash Railroad Company*, 370 U.S. 626, 82 S.Ct. 1386 (1962); *Rogers v. Kroger Company*, 669 F.2d 317, 320-321 (5th Cir. 1983).

## **OBJECTIONS**

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within ten (10) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking, on appeal, the proposed factual findings and legal conclusions that were accepted by the district court and that were not objected to by the aforementioned party. *See Douglass v. U.S.A.A.*, 79 F.3d 1415 (5th Cir. 1996) (en banc).

**THUS DONE AND SIGNED**, in chambers, in Monroe, Louisiana, on this 9th day of November, 2005.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE

CC:TS

N:\KHAYES\Magistrate\Pro Se R&Rs\05-1549.110905.rr.klh.wpd